

LAND TYPE Torrens (T)
DOC NUM 5859274
Certified, filed and/or recorded on
Jul 22, 2021 3:33 PM

Office of the Registrar of Titles
Hennepin County, Minnesota
Amber Bougie acting, Registrar of Titles
Mark Chapin, County Auditor and Treasurer

| | |
|---|---|
| Deputy 9 | Pkg ID 2282639E |
| Conservation Fee | $5.00 |
| Document Recording Fee | $46.00 |
| Environmental Response Fund (MRT .0001) | $2.68 |
| Mortgage Registration Tax (.0023 rate) | $61.64 |
| **Document Total** | **$115.32** |

**Existing Certs**
1519505

This cover sheet is now a permanent part of the recorded document.    **EXHIBIT 3**

# REVOLVING CREDIT MORTGAGE

WHEN RECORDED, MAIL TO
Wings Financial CU
14985 Glazier Avenue
Apple Valley, MN 55124

THIS MORTGAGE CONTAINS A DUE-ON-SALE PROVISION AND SECURES INDEBTEDNESS UNDER A CREDIT AGREEMENT WHICH PROVIDES FOR A REVOLVING LINE OF CREDIT AND MAY CONTAIN A VARIABLE RATE OF INTEREST.

    THIS MORTGAGE is made on _____7/16/2021_____, between the Mortgagor, PRESTON KNAPP, AND MICHELLE KNAPP, HUSBAND AND WIFE

(herein "Borrower"), and the Mortgagee, Wings Financial CU                                                                                , a corporation organized and existing under the laws of State of Minnesota                                                                    , whose address is 14985 Glazier Avenue                                Apple Valley, MN 55124                                      
_____ (herein "Lender").

    WHEREAS, Borrower is indebted to Lender as described in this paragraph;
TO SECURE to Lender:
(1) The repayment of all indebtedness due and to become due under the terms and conditions of the LOANLINER Home Equity Plan Credit Agreement and Truth-in-Lending Disclosures made by Borrower and dated the same day as this Mortgage, and all modifications, amendments, extensions and renewals thereof (herein "Credit Agreement"). Lender has agreed to make advances to Borrower under the terms of the Credit Agreement, which advances will be of a revolving nature and may be made, repaid, and remade from time to time. Borrower and Lender contemplate a series of advances to be secured by this Mortgage. The total outstanding principal balance owing at any one time under the Credit Agreement (not including finance charges thereon at a rate which may vary from time to time, and any other charges and collection costs which may be owing from time to time under the Credit Agreement) shall not exceed _____
Twenty Six Thousand Eight Hundred Dollars                                                                                
($26,800.00                    ). That sum is referred to herein as the Maximum Principal Balance and referred to in the Credit Agreement as the Credit Limit. The entire indebtedness under the Credit Agreement, if not sooner paid, is due and payable __20__ years from the date of this Mortgage.
(2) The payment of all other sums advanced in accordance herewith to protect the security of this Mortgage, with finance charges thereon at a rate which may vary as described in the Credit Agreement.
(3) The performance of covenants and agreements of Borrower herein contained.
    BORROWER does hereby mortgage, grant and convey to Lender the following described property located in the County of _____HENNEPIN_____, State of Minnesota:

©CUNA Mutual Group, 1991, 2002, 05, 11,
All Rights Reserved

EMN93B-e

**EXHIBIT 3**

Lot 18, Block 1, Saunders Lake North, Hennepin County, Minnesota.

TORRENS PROPERTY CERT# 1519505

Parcel ID Number: 22-117-24-14-0014

which has the address of _____ 2624 N SAUNDERS LAKE DR _____,
(Street)
_____ MINNETRISTA _____, Minnesota __55364__ (herein "Property Address");
(City) (Zip Code)

   TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and fixtures, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Complete if applicable:
This Property is part of a condominium project known as:


This Property includes Borrower's unit and all Borrower's rights in the common elements of the condominium project.
This Property is in a Planned Unit Development known as:


   Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.
   Borrower and Lender covenant and agree as follows:
   **1. Payment of Principal, Finance Charges and Other Charges.** Borrower shall promptly pay when due all amounts borrowed under the Credit Agreement, all finance charges and applicable other charges and collection costs as provided in the Credit Agreement.
   **2. Funds for Taxes and Insurance.** Subject to applicable law, Lender, at Lender's option, may require Borrower to pay to Lender on the day monthly payments of principal and finance charges are payable under the Credit Agreement, until all sums secured by this Mortgage are paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance and flood insurance, if applicable, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.
   If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds.

EMN93B-e

**EXHIBIT 3**

Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 22 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Credit Agreement and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, second, (in the order Lender chooses) to any finance charges, other charges and collection costs owing, and third, to the principal balance under the Credit Agreement.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Except to the extent that any such charges or impositions are to be made to Lender under paragraph 2, Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any. Within five days after any demand by Lender, Borrower shall exhibit to Lender receipts showing that all amounts due under this paragraph have been paid when due.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," floods, and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. Unless Lender in writing requires otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy, and the amount of coverage shall be no less than the Maximum Principal Balance plus the full amount of any lien which has priority over this Mortgage.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. All insurance proceeds are hereby assigned to Lender and shall be paid to Lender to the extent of all sums secured by this Mortgage, subject to the terms of any mortgage, deed of trust or security agreement with a lien which has priority over this Mortgage. Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restore or repair the Property, if it is economically feasible to do so.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and the constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. Any amounts disbursed by Lender pursuant to this paragraph 7, with finance charges thereon, at the rate provided in the Credit Agreement, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder. Any action taken by Lender under this paragraph shall not cure any breach Borrower may have committed of any covenant or agreement under this Mortgage. Borrower agrees that Lender is subrogated to all of the rights and remedies of any prior lienor, to the extent of any payment by Lender to such lienor.

EMN93B-e

**EXHIBIT 3**

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, to the extent of any indebtedness under the Credit Agreement, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 21 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Credit Agreement, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable under the Credit Agreement or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations or amendments with regard to the terms of this Mortgage or the Credit Agreement, without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by First Class mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by First Class mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Credit Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Credit Agreement which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Credit Agreement are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Prior Mortgage or Deed of Trust; Modification; Future Advance.** Borrower shall not enter into any agreement with the holder of any mortgage, deed of trust or other security agreement which has priority over this Mortgage by which that security agreement is modified, amended, extended, or renewed, without the prior written consent of the Lender. Borrower shall neither request nor accept any future advance under a prior mortgage, deed of trust, or other security agreement without the prior written consent of Lender.

15. **Borrower's Copy.** Borrower shall be furnished a copy of the Credit Agreement and a conformed copy of this Mortgage at the time of execution or after recordation hereof.

16. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower may enter into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

17. **Waiver of Homestead Exemption.** Borrower hereby waives the benefit of the homestead exemption as to all sums secured by this Mortgage.

18. **Waiver of Statutes of Limitation.** Borrower hereby waives, to the full extent permitted by law, statutes of limitation as a defense to any demand or obligation secured by this Mortgage.

19. **Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

20. **Notice of Transfer of the Property; Advances after Transfer.** Borrower shall give notice to Lender, as provided in paragraph 12 hereof, prior to any sale or transfer of all or part of the Property or any rights in the Property. Any person to whom all or part of the Property or any right in the Property is sold or transferred also shall be obligated to give notice to Lender, as provided in paragraph 12 hereof, promptly after such transfer.

Even if Borrower transfers the Property, Borrower will continue to be obligated under the Credit Agreement and this Mortgage unless Lender releases Borrower in writing. As a condition to Lender's consent to any proposed transfer or as a condition to the release of Borrower, Lender may require that the person to whom the Property is transferred sign an assumption agreement satisfactory to Lender and Lender may impose an assumption fee. The assumption agreement will not entitle the person signing it to receive advances under the Credit Agreement.

EMN93B-e

**EXHIBIT 3**

**21. Transfer of the Property.** Subject to applicable law, Lender shall have the right to accelerate, that is, to demand immediate payment in full of all sums secured by this Mortgage or Deed of Trust, if Borrower, without the written consent of Lender, sells or transfers all or part of the Property or any rights in the Property.

If Lender exercises the option to accelerate, Lender shall give Borrower notice of acceleration in accordance with paragraph 12 hereof. The notice shall provide a period of not less than 30 days from the date of the notice within which Borrower may pay the sums declared due. If Borrower fails to pay those sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 22 hereof.

**22. Default; Termination and Acceleration; Remedies.** Each of the following events shall constitute an event of default ("event of default") under this Mortgage: (1) Borrower commits fraud or makes a material misrepresentation in connection with this Mortgage or the Credit Agreement; (2) Borrower does not meet the repayment terms of the Credit Agreement; or (3) Borrower's action or inaction adversely affects the Lender's rights in the Property secured by this Mortgage. If default occurs, then prior to exercising any right or remedy provided for in this Mortgage and prior to acceleration, Lender shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the event of default; (2) the action required to cure such event of default; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such event of default must be cured; (4) that failure to cure such event of default on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of an event of default or any other defense of Borrower to acceleration and sale.

If the event of default is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale hereby granted and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 22, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall cause a copy of a notice of sale to be served upon the person, if any, in possession of the Property. Lender shall publish a notice of sale and the Property shall be sold at public auction in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The Proceeds of the sale shall be applied in the following order: (a) to all sums secured by this Mortgage; (b) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; and (c) the excess, if any, to the person or persons legally entitled thereto.

**23. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to sale of the Property pursuant to the power of sale contained in this Mortgage if: (a) Borrower pays Lender all sums constituting the default actually existing under this Mortgage and the Credit Agreement at the commencement of foreclosure proceedings under this Mortgage; (b) Borrower cures all events of default; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 22 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**24. Release.** This Mortgage secures a revolving line of credit and advances may be made, repaid, and remade from time to time, under the terms of the Credit Agreement. When Borrower (1) has paid all sums secured by this Mortgage and (2) had requested that the revolving line of credit be canceled, Lender shall discharge this Mortgage. To the extent permitted by law, Lender may charge Borrower a fee for such discharge and require Borrower to pay costs of recordation, if any.

**25. Notice of Default.** Borrower and Lender may request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action. A separate request for notice of sale in accordance with Minnesota Statutes Section 580.032 may be recorded contemporaneously with this deed of trust.

EMN93B-e

**EXHIBIT 3**

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

X _Preston Knapp_ (signature)
_____
PRESTON KNAPP
Borrower

X _Michelle Knapp_ (signature)
_____
MICHELLE KNAPP
Borrower

X _____
_____
Borrower

X _____
_____
Borrower

STATE OF MINNESOTA, __Carver__ County ss:

The foregoing instrument was acknowledged before me this __7/16/21__ by
PRESTON KNAPP, AND
MICHELLE KNAPP, HUSBAND AND WIFE

My Commission Expires: __1/31/2025__   _____
                                        Notary Public

WENDY R OGDEN SZUBA
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2025

This instrument was prepared by Wings Financial CU
                                  (Name)
of __14985 Glazier Avenue__  __Apple Valley, MN 55124__, Minnesota.
       (Address)

Tax Statements for the real property described in this instrument should be sent to:
_____
PRESTON KNAPP
      (Name)
__2624 N SAUNDERS LAKE DR__   __MINNETRISTA, MN 55364__.
             (Address)

EMN93B-e

**EXHIBIT 3**