UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp,<br><br>    Plaintiff,<br><br>vs.<br><br>Wings Credit Union; AKA Wings Financial Credit Union,<br><br>    Defendant. | Case No: 0:24-cv-00434 (DWF/ECW)<br><br>**DEFENDANT WINGS FINANCIAL CREDIT UNION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

## INTRODUCTION

Plaintiff Preston Byron Knapp's ("Plaintiff") Motion to Strike Defendant Wings Financial Credit Union's ("Wings") Motion to Dismiss is both procedurally improper and substantively meritless. Rule 12(f) of the Federal Rules of Civil Procedure applies only to pleadings and thus does not allow a motion to strike a motion. Even if the rules did allow a motion to strike a motion, Plaintiff's Motion fails to identify any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter, nor does Wings' Motion to Dismiss contain any such matter. Instead, Wings' Motion is based on Plaintiff's own factual allegations as asserted in the Complaint, the documents cited therein, and viable legal arguments regarding Plaintiff's claims. Accordingly, Plaintiff's Motion to Strike must be denied.

## FACTUAL BACKGROUND

Plaintiff initiated this suit by filing a copy of the Complaint in United States District Court for the District of Minnesota on February 12, 2024. (*See* Compl., ECF No. 1.)

Plaintiff then attempted to serve Wings via mail. (*See* Plf.'s Mot. to Strike ¶ 2, ECF No. 13.) Wings received a copy of the Summons and Complaint via mail on February 21, 2024. (Declaration of Tessa Mansfield Hirte ("Hirte Decl.") ¶ 5.)

Prior to filing its Motion to Dismiss, counsel for Wings reached out to Plaintiff to attempt to schedule a meet and confer. (*See* Hirte Decl. ¶ 6; Ex. A to Plf.'s Motion to Strike, ECF No. 14.) According to Plaintiff, he responded to this communication by informing counsel for Wings "that Service of Process had not yet been perfected, indicating that the 'meet and confer session would be more appropriately scheduled after the Service of Process was completed." (*See* Plf.'s Mot. to Strike ¶ 4.) However, Plaintiff's actual email response stated, "I will entertain a meet and confer once I have submitted the Notice of Service of Process with the Court." (*See* Hirte Decl. ¶ 7; Ex. A to Plf.'s Mot. to Strike.)

Based on Plaintiff's response, Wings understood that Plaintiff was not willing to meet and confer at that time. (Hirte Decl. ¶ 8.) Wings proceeded to file its Motion, with the intent that a meet and confer could occur at a later date, if Plaintiff agreed to do so. (*Id.* ¶ 9.)

While Wings had not yet been properly served pursuant to Fed. R. Civ. P. 4, in an effort to address the merits of the case and avoid any further action by Plaintiff, Wings responded within 21 days of its receipt via mail of the Summons and Complaint. (*Id.* ¶ 10.) Notably, in a similar case filed by Plaintiff and his wife against his real estate broker and agent, when the defendants did not respond to the complaint within 21 days of Plaintiff's attempted service by mail, Plaintiff and his wife brought a frivolous motion for default judgment. (*See* Hirte Decl. Ex. 1, Plfs.' Mot. for Def. J. filed Feb. 20, 2024, ECF No. 16 in

*Knapp v. Compass and Hollerman*, Case No. 24-cv-00100-SRN-DTS (D. Minn. Jan. 12, 2024).) In an attempt to avoid a similar improper tactic here, Wings brought its motion within 21 days of receipt of the Complaint in the mail. (Hirte Decl. ¶¶ 11-13.) Apparently, Plaintiff was not satisfied with that action either and yet again responded with a frivolous motion, this time seeking to strike Wings' Motion to Dismiss.

Plaintiff subsequently personally served Wings with the Summons and Complaint on March 15, 2024. (*See* Aff. of Service, ECF No. 18-1.)

## ARGUMENT

## I.   <u>Rule 12(f) Does Not Authorize a Motion to Strike a Motion to Dismiss</u>.

Plaintiff's Motion seeks to strike Wings' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f)(2). Plaintiff's Motion is improper because Rule 12(f) does not authorize a motion to strike a motion.

Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "However, Rule 12(f) is applicable only to motions to strike portions of 'pleadings,' which Rule 7(a) defines as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers." *Vandanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. Jul. 18, 2000) (citing Fed. R. Civ. P. 7(a)). "Neither the Federal Rules of Civil Procedure nor the local rules of this District authorize a 'motion to strike' a motion." *Hill v. Shakopee Mdewakanton Sioux Cmty.*, 2018 U.S. Dist. LEXIS 48692, *4 (D. Minn. Mar. 23, 2018). Instead, "The proper way for a plaintiff to respond to

a motion to dismiss her complaint is to file a memorandum explaining why the motion should not be granted, not to file a motion to strike the motion." *Id.*

Because the Federal Rules of Civil Procedure do not allow a motion to strike a motion to dismiss, Plaintiff's Motion must be denied.

## II.   Plaintiff's Motion Does Not Identify Any Insufficient Defenses or Redundant, Immaterial, Impertinent, or Scandalous Matter.

Even if the rules allowed for a motion to strike a motion, Plaintiff has failed to identify any valid basis to strike Wings' Motion to Dismiss.

Rule 12(f) allows the court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Courts consider allegations scandalous if they are unnecessarily derogatory or prejudicial." *Sharma v. Crosscode, Inc.*, 2022 U.S. Dist. LEXIS 47796, *44 (D. Minn. Mar. 17, 2022) (internal quotation omitted). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Winthrop Res. Corp. v. Apollo Educ. Grp. Inc.*, 2017 U.S. Dist. LEXIS 130825, *11 (D. Minn. Aug. 16, 2017) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 30C Fed. Prac. & Proc. § 1382 (3d. ed)). Similarly, impertinent matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.*

Plaintiff generally asserts that Wings' Motion to Dismiss contains "unfounded allegations and derogatory statements that serve no legal purpose other than to scandalize and prejudice the Plaintiff in the eyes of this Court" and is "rife with allegations and

characterizations of the Plaintiff and his legal actions that are … scandalous and prejudicial." However, Plaintiff fails to identify any of the specific matters included in Wings' Motion that are allegedly derogatory, scandalous, or prejudicial.

More importantly, the Motion could not possibly contain any "unfounded allegations and derogatory statements" or scandalous and prejudicial "allegations and characterizations of Plaintiff," because the Motion does not rely on any matters outside the pleadings. Instead, as required by Rule 12(d) of the Federal Rules of Civil Procedure, Wings' Motion relies on *Plaintiff's* own factual allegations provided in the Complaint and the documents cited therein. Wings' Motion also presents valid legal arguments and defenses that the Court is entitled to hear. *See Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A Moore's Federal Practice para. 12.21 at 2437 (2d ed. 1975)) ("A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.").

Because Plaintiff's Motion fails to identify any insufficient defense or redundant, immaterial, impertinent, or scandalous matters, it must be denied.

### III. <u>Wings' Motion to Dismiss Was Not Improper or Premature</u>.

Although not entirely clear from Plaintiff's Motion, it appears that Plaintiff seeks to challenge Wings' Motion to Dismiss based on the assertion that it is premature because Wings was not properly served. (*See* Plf.'s Mot. to Strike at 2 ("Plaintiff believes that Defendant's counsel is well aware that this Honorable Court would lack jurisdiction to rule on the Motion to Dismiss prior to having Service perfected. The premature filing of such motions, therefore, appears to be a strategic attempt not only to overburden the Plaintiff

but also to create a confusing and simulated legal process.").) Notably, insufficient service of process is not a basis for striking a pleading under Rule 12. *See* Fed. R. Civ. P. 12(f).

Moreover, nothing in Rule 12(b) prohibits a defendant from bringing a motion to dismiss prior to being properly served with a summons and complaint. Indeed, Rule 12(b)(5) expressly provides that a party may bring a motion to dismiss for insufficient service of process, as Wings has done here. *See* Fed. R. Civ. P. 12(b)(5) ("[A] party may assert the following defenses by motion: … (5) insufficient service of process…"). If a defendant were required to wait until service was perfected to bring a motion to dismiss, Rule 12(b)(5) would be superfluous.

Additionally, defendants often bring simultaneous motions to dismiss under Rule 12(b)(5) (for insufficient service of process) and Rule 12(b)(6) (for failure to state a claim). *See, e.g., Khan v. CC Servs*., 2014 U.S. Dist. LEXIS 90572, *4-5 (D. Minn. Jul. 3, 2014) ("Defendant's motion is brought alternatively under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. … Because the Court finds the Rule 12(b)(6) motion dispositive in this action, it need not address Defendant's alternative ground for dismissal."); *Oberg v. Shapiro*, 2016 U.S. Dist. LEXIS 116658, *37 (D. Minn. Jul. 29, 2016) (recommending dismissal under both Fed. R. Civ. P. 12(b)(5) and 12(b)(6), noting, "[S]ervice was insufficient and the Complaint must be dismissed. ... Even if, however, service was sufficient, Oberg has failed to state a claim against Shapiro upon which relief may be granted.").

Finally, Plaintiff personally served Wings on March 15, 2024. Thus, Plaintiff's argument that the Court lacks jurisdiction to rule on the Motion to Dismiss because service was not yet perfected is now moot.

Plaintiff's argument that Wings' Motion to Dismiss is "premature" is meritless, and Plaintiff's Motion to Strike should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Wings' Motion to Dismiss is procedurally improper and meritless and must be denied.

**FOLEY & MANSFIELD, PLLP**

Dated:  March 20, 2024        By:   *s/ Tessa Mansfield Hirte*
                                          Lisa M. Lamm Bachman (#264313)
                                          Tessa Mansfield Hirte (#0396591)
                                          Paul W. Magyar (#0399108)
                                          250 Marquette Avenue, Suite 540
                                          Minneapolis, MN 55401
                                          (612) 338-8788
                                          Email:  llammbachman@foleymansfield.com
                                                      tmansfield@foleymansfield.com
                                                      pmagyar@foleymansfield.com

                                          Attorneys for Defendant Wings Financial Credit
                                          Union