UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp,<br><br>   Plaintiff,<br><br>vs.<br><br>Wings Credit Union; AKA Wings Financial Credit Union,<br><br>   Defendant. | Case No: 0:24-cv-00434 (DWF/ECW)<br><br>**DECLARATION OF TESSA MANSFIELD HIRTE** |

STATE OF MINNESOTA  )
           ) ss.
COUNTY OF HENNEPIN  )

  I, Tessa Mansfield Hirte, declare as follows:

  1.  I am an attorney admitted to practice law in the State of Minnesota and in the District of Minnesota. I am one of the attorneys representing Defendant Wings Financial Credit Union ("Wings") in the above-captioned matter.

  2.  I submit this declaration in opposition to Plaintiff's Motion to Strike Defendant's Motion to Dismiss.

  3.  Plaintiff initiated this suit by filing a copy of the Complaint in United States District Court for the District of Minnesota on February 12, 2024.

  4.  Plaintiff then attempted to serve Defendant by sending a copy of the Summons and Complaint via U.S. mail on or around February 14, 2024.

  5.  Wings received a copy of the Summons and Complaint via mail on February 21, 2024.

6. Prior to filing its Motion to Dismiss, counsel for Wings reached out to Plaintiff via email to attempt to schedule a meet and confer on March 12, 2024.

7. Plaintiff responded via email that same day. Plaintiff's email stated, "I will entertain a meet and confer once I have submitted the Notice of Service of Process with the Court."

8. Based on Plaintiff's response, Wings understood that Plaintiff was not willing to meet and confer at that time.

9. Wings proceeded to file its Motion to Dismiss, with the intent that a meet and confer could occur at a later date, if Plaintiff agreed to do so.

10. While Wings had not yet been properly served with the Summons and Complaint, in an effort to address the merits of the case and avoid any further action by Plaintiff, Wings responded within 21 days of its receipt via mail of the Summons and Complaint.

11. Wings was particularly concerned that Plaintiff may seek to file a frivolous motion for default judgment if it did not file its Motion within 21 days of its receipt of the Complaint via mail, because Plaintiff did so in a similar case filed by Plaintiff and his wife against their real estate broker and agent, *Knapp v. Compass and Hollerman*, Case No. 24-cv-00100-SRN-DTS (D. Minn. Jan. 12, 2024).

12. Attached as Exhibit 1 is a copy of Plaintiff's Motion for Default Judgment filed in *Knapp v. Compass and Hollerman*, Case No. 24-cv-00100-SRN-DTS (D. Minn. Jan. 12, 2024).

13. In order to avoid a similar tactic by Plaintiff here, Wings filed its Motion to Dismiss within 21 days of its receipt of the Complaint via mail.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2024.

                                                *s/ Tessa Mansfield Hirte*
                                                Tessa Mansfield Hirte