UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wings Credit Union; AKA Wings Financial Credit Union,<br><br>　　　　Defendant. | Case No: 0:24-cv-00434 (DWF/ECW)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S PRO SE MOTION FOR SANCTIONS AGAINST ATTORNEY TESSA MANSFIELD** |

## INTRODUCTION

Plaintiff Preston Byron Knapp's ("Plaintiff") Motion for Sanctions against Wings' attorney, Tessa Mansfield Hirte ("Attorney Hirte"), appears to be based on a fundamental misunderstanding of the nature of Rule 12 of the Federal Rules of Civil Procedure and the appropriate timing and scope of motions to dismiss. Plaintiff is under the mistaken belief that a defendant is not allowed to bring a motion to dismiss until the plaintiff has perfected service. This is incorrect. Nothing in the Federal Rules of Civil Procedure prevents a party from bringing a motion to dismiss prior to proper service. In fact, Rule 12(b)(5) expressly allows a party to bring a motion to dismiss based on ineffective service of process. Indeed, contrary to Plaintiff's assertion, Wings Financial Credit Union's ("Wings") Motion to Dismiss clearly disclosed that it had not been personally served by raising the defense of ineffective service of process.

In addition, Plaintiff's Motion must be denied for failure to follow the procedural requirements for a motion for sanctions, as set forth in Rule 11 of the Federal Rules of Civil

Procedure. Plaintiff failed to provide the required "safe harbor" notice to Wings or Attorney Hirte indicating his intent to seek sanctions or allow 21 days for Attorney Hirte and Wings to withdraw the allegedly deficient Motion.

Finally, Plaintiff's Motion asserts that Attorney Hirte violated 15 U.S.C § 1 and Rules 3.3 and 3.4 of the Minnesota Rules of Professional Conduct. These assertions are completely unsupported by the facts or law. Attorney Hirte's filing of a viable Motion to Dismiss on behalf of her client in no way implicates 15 U.S.C. § 15, which prohibits monopolies and restraints on trade, nor does it violate any of Minnesota's Rules of Professional Conduct. As such, Plaintiff's Motion for Sanctions against Attorney Hirte must be denied.

## FACTUAL BACKGROUND

Defendant Wings Financial Credit Union ("Wings") and Plaintiff entered into a number of binding agreements related to a mortgage loan and home equity line of credit ("HELOC"), which are secured by the property owned by Plaintiff and his wife. *See* Compl. ¶¶ 10–11; *see also* Hirte Decl. dated 3/13/24 Exs. 1-4, ECF Nos. 10-1, 10-2, 10-3, 10-4. This case arises out of Plaintiff's frivolous attempts to avoid actually paying Wings the amounts he owes under the parties' binding contracts and is being brought solely to harass Wings and advance the conspiracy theories of Plaintiff's "attorney-in-fact" Brandon Joe Williams.[1] *See* Compl. ¶¶ 39, 43.

---

[1] Williams holds himself out as able "to take on litigation" as an attorney-in-fact and lists this case as one of his cases on his website. *See* Compl., ¶ 39; Hirte Decl. dated 3/13/24 Ex. 5 at 6, ECF No. 10-5 (referencing Williams and Williams Law Group); Williams & Williams Law Group, How Litigation Works,

Plaintiff and his wife have also commenced a separate lawsuit in the District of Minnesota against Compass Minnesota, LLC and Daniel Phillip Hollerman, their former real estate broker and agent, asserting claims similar to those asserted here. *See Knapp v. Compass Minnesota, LLC*, No. 24-cv-00100-SRN-DTS (D. Minn.). Attorney Hirte is one of the attorneys representing Wings in this case and is also one of the attorneys representing defendant Compass Minnesota, LLC ("Compass") in the *Compass* case. *See id.* In the *Compass* matter, Plaintiff and his wife attempted to serve Compass via certified mail rather than by personal service, as required by the Federal Rules of Civil Procedure. *See* Declaration of Tessa Mansfield Hirte ("Hirte Decl."), Ex. 1, Notice of Service of Process, *Knapp v. Compass Minnesota, LLC*, No. 24-cv-00100-SRN-DTS (D. Minn. Feb. 2, 2024);

---

https://www.williamsandwilliamslawfirm.com/how-litigation-works (last visited Mar. 19, 2024) (describing how he "take[s] on litigation," including how he expects a "VERY LARGE DOWN PAYMENT . . . DUE AT THE BEGINNING OF THE LAWSUIT" that can "range from $50,000-250,000," and that he will split the winnings of a lawsuit "50/50%"); *see also* Williams & Williams Law Group, Current and Previous Litigation, https://www.williamsandwilliamslawfirm.com/current-and-previous-litigation (last visited Mar. 19, 2024) (listing this case, as well as a similar case brought by Plaintiff and his wife against their former real-estate brokers); Williams & Williams Law Group, Testimonials and Successes, https://www.williamsandwilliamslawfirm.com/testimonials-and-successes (last visited Mar. 19, 2024) (noting that he "will add more testimonials here of people that I do actual work for as paid clients"); Williams & Williams Law Group, Questions and Answers, https://www.williamsandwilliamslawfirm.com/questionsandanswers (last visited Mar. 19, 2024) (stating that he is not licensed and is not a member of the bar, but that he is a lawyer and attorney—"A licensed lawyer is called an 'attorney-at-law.' A non-licensed lawyer is called an 'attorney-in-fact.' BOTH OF THESE TERMS ARE LAWYERS. BOTH OF THESE TERMS ARE ATTORNEYS"); Williams & Williams Law Group, Services, https://www.williamsandwilliamslawfirm.com/services (last visited Mar. 19, 2024) (laying out the "legal" services he offers and the fees he charges for those services). Williams describes this case as their "first official case for infinite money." *See* Williams & Williams Law Group, Current and Previous Litigation, https://www.williamsandwilliamslawfirm.com/current-and-previous-litigation (last visited Mar. 19, 2024).

Hirte Decl., Ex. 2, Affidavit of Service on Defendant Compass Minnesota LLC, *Knapp v. Compass Minnesota, LLC*, No. 24-cv-00100-SRN-DTS (D. Minn. Feb. 2, 2024). Despite failing to properly serve Compass in the *Compass* case, Plaintiff and his wife filed a Motion for Default Judgment against Compass.[2] *See* Hirte Decl., Ex. 4, Notice of Default and Motion for Default Judgment, *Knapp v. Compass Minnesota, LLC*, No. 24-cv-00100-SRN-DTS (D. Minn. Feb. 22, 2024).

In this case, Plaintiff attempted to serve Wings via certified mail, same as in the *Compass* case. *See* Hirte Decl., Ex. 5, Summons and Complaint served on Wings via certified mail on February 21, 2024. Like the defendants in *Compass*, Wings responded to Plaintiff's Complaint by bringing a Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 7. As required by the Local Rules, counsel for Wings requested to meet and confer with Plaintiff prior to filing its motion. *See* Ex. A to Plf.'s Mot. to Strike, ECF No. 14. In response, Plaintiff informed counsel that he would "entertain a meet and confer once [he] had] submitted the Notice of Service of Process with the Court." *Id.* Notably, Plaintiff did

---

[2] Not only had Compass been improperly served, but its response was timely and there was no basis for Plaintiff and his wife to claim that Compass was in default. Compass was served on January 25, 2024. Hirte Decl., Exs. 1–2. Applying Fed. R. Civ. P. 12, Compass's responsive pleading would have been due 21 days following its receipt of the Summons and Complaint, which was February 15, 2024. However, under Rule 6, three additional days are added when service is attempted by mail, which moved the due date to February 18, 2024. *See* Fed. R. Civ. P. 6(d) And because February 18, 2024, was a Sunday, and February 19, 2024, was a legal holiday, the time for Compass to respond to the Summons and Complaint did not expire until Tuesday, February 20, 2024, the day Compass filed its Motion to Dismiss. *See* Fed. R. Civ. P. 6(a)(1)(C); *see also* Hirte Decl., Ex. 3, Defendants' Joint Motion to Dismiss, *Knapp v. Compass Minnesota, LLC*, No. 24-cv-00100-SRN-DTS (D. Minn. Feb. 20, 2024).

4

not inform counsel that he was still in the process of serving Wings—merely that he had not yet filed a notice of service with the Court. *See id.*

In response to Wings' Motion to Dismiss, Plaintiff filed a Motion to Strike and a Motion for Sanctions against Attorney Hirte. In his Motion for Sanctions, Plaintiff accuses Attorney Hirte of "malicious prosecution," violating 15 U.S.C. § 1, and violating Minnesota Professional Rules of Conduct 3.3 and 3.4. *See* Plf.'s Mot. for Sanctions, ECF No. 16.

## ARGUMENT

**I.     Sanctions Are Not Warranted Because Wings' Motion to Dismiss Was Not Premature or Otherwise Improper.**

In support of his Motion for Sanctions, Plaintiff asserts that Attorney Hirte did not inform the Court that Wings had not yet been served and concludes Attorney Hirte prematurely filed Wings' Motion to Dismiss because service on Wings had not yet been perfected. *See* Plf.'s Mot. for Sanctions at 1–2. This argument is meritless for several reasons.

First, Wings argued in its Motion to Dismiss that it had not been properly served because it was served via certified mail. *See* Def.'s Mot. to Dismiss at 20–22, ECF No. 9. Plaintiff's claim that Attorney Hirte did not inform the Court "that Service had NOT been perfected on [Wings]" is thus absurd *because one of Wings' arguments in its Motion is that service had not been perfected on Wings*.

Second, Plaintiff's response to the requested meet and confer did not inform counsel that he intended to personally serve Wings—he simply stated that he would "entertain a

5

meet and confer once [he had] submitted the Notice of Service of Process with the Court." *Id.* Counsel reasonably understood Plaintiff's response to be a denial of their request to meet and confer, given that Plaintiff stated he would only "entertain" counsel's request after he filed a notice of service. Attorney Hirte also had no reason to interpret Plaintiff's response to mean he was still attempting to properly serve Wings. In fact, Plaintiff had taken the opposite position in the *Compass* case—that service by mail was proper—and even brought a Motion for Default Judgment based on that (incorrect) position.[3]

Third, even if Plaintiff had clearly stated in his email that Wings had not yet been served and he would be perfecting service on Wings, a defendant is not prohibited by the Federal Rules of Civil Procedure from filing a Motion to Dismiss before it has been properly served. Plaintiff has not pointed to any such rule, nor would such a rule align with the Federal Rules. Rule 12 permits a defendant to challenge the effectiveness of service of process. *See* Fed. R. Civ. P. 12(b)(5). If service had to be perfected before a defendant could bring a motion under Rule 12(b)(5), such a motion could never be raised because it would either be moot if service had been perfected or premature if service had not been perfected. In addition to lacking any legal support, Plaintiff's interpretation would render Rule 12(b)(5) superfluous.

---

[3] As Wings was required to raise any service of process defense in its Rule 12 Motion or risk the argument being waived, Wings could not wait for Plaintiff to file his Notice of Service to decide whether to include an insufficient service of process argument in its Motion to Dismiss. *See* Fed. R. Civ. P. 12(b). Wings' argument was valid when raised, and now that Wings has been properly served, Wings will no longer pursue that argument in its Motion to Dismiss.

Moreover, Plaintiff has not pointed to any rule requiring a defendant to wait until after a plaintiff has filed a certificate of service with the Court to bring a motion to dismiss. Under Rule 3, an action is commenced upon filing with the Court. Fed. R. Civ. P. 3. While the Federal Rules of Civil Procedure contain requirements that limit how *late* in time a defendant can file a response to a complaint, no rule prevents a defendant from responding earlier than required. Here, Attorney Hirte acted in a reasonable and prudent manner by filing Wings' Motion to Dismiss at a time where there could be no argument from Plaintiff that Wings' response was timely. Plaintiff had already taken the position in the *Compass* case that service by mail was effective and wasted Court resources with a frivolous Motion for Default Judgment. By filing Wings' Motion to Dismiss earlier than required, Attorney Hirte sought to avoid similar tactics here. Unfortunately, Plaintiff has taken a completely contradictory position in this case and again wasted the Court's time by filing a frivolous Motion for Sanctions, this time arguing the Motion to Dismiss was brought too early.

**II.     Plaintiff Failed to Follow the Procedural Requirements for Bringing a Motion for Sanctions.**

Plaintiff's Motion must also be denied for failing to follow the procedural requirements for bringing a Motion for Sanctions. Federal Rule of Civil Procedure 11 governs sanctions for written motions, such as Wings' Motion to Dismiss. Rule 11 requires that a party serve a motion for sanctions on the opposing party at least 21 prior days to filing the motion. Fed. R. Civ. P. 11(c)(2). *See also TRI, Inc. v. Boise Cascade Office Prods., Inc.*, 2002 U.S. Dist. LEXIS 17935, *4 (D. Minn. Sep. 20, 2020) ("Since 1993, Rule 11 has provided a mandatory 'safe harbor' period in connection with sanctions that

are initiated by motion. A party intending to move for Rule 11 sanctions must first serve its motion on the opposing party. If, after twenty-one days, 'the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected,' the party seeking sanctions may then file its motion with the Court.").

Because Plaintiff failed to comply with the mandatory "safe harbor" requirements of Rule 11, his Motion for Sanctions must be denied.

### III.     Attorney Hirte Has Not Engaged in Malicious Prosecution.

Plaintiff's Motion also asserts that Attorney Hirte has engaged in malicious prosecution. This assertion is again absurd and demonstrates a fundamental misunderstanding of basic legal principles.

Malicious prosecution requires that: (1) a prior suit have been "brought without probable cause and with no reasonable ground on which to base a belief that the plaintiff would prevail on the merits; (2) the suit must be instituted and prosecuted with malicious intent; and (3) the suit must ultimately terminate in favor of the defendant." *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. App. 2001).

Here, not only has Attorney Hirte *not* brought a previous suit against Plaintiff, but she did not initiate the present suit or personally bring any motions against Plaintiff. Plaintiff himself initiated this lawsuit, and Attorney Hirte acted on behalf of her client, Wings, in responding to Plaintiff's Complaint with an appropriate and timely Motion to Dismiss. Plaintiff thus cannot bring a claim for malicious prosecution against Attorney Hirte, much less obtain sanctions based on this unfounded allegation.

## IV.     Attorney Hirte Has Not Violated 15 U.S.C. § 15.

Plaintiff further claims that Attorney Hirte's conduct "implicates a violation of 15 U.S.C. § 1, where her actions unjustly restrain Plaintiff's fair access to justice, paralleling the statute's prohibition against trade restrains." Plf.'s Mot. for Sanctions ¶ 2. This claim is yet again absurd because 15 U.S.C. § 1 has no relevancy to Plaintiff's Motion or this case.

The statute provides:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

15 U.S.C. § 1.

Nothing in this statute indicates it is intended to regulate or ensure access to justice, nor does it provide a basis for imposing sanctions on attorneys or litigants.

Plaintiff also fails explain how Attorney Hirte's "actions unjustly restrain Plaintiff's fair access to justice." Attorney Hirte filed a Motion to Dismiss on behalf of Wings, a fairly common response to a complaint. Plaintiff can file his response to Wings' Motion to Dismiss and argue that the case should not be dismissed. But following proper procedural rules and advocating on behalf of her client by filing a good faith Motion to Dismiss in no way "unjustly restrain[s] Plaintiff's fair access to justice." As such, Plaintiff's assertion that Attorney Hirte should be sanctioned for violating 15 U.S.C. § 1 is meritless.

V. **Attorney Hirte Did Not Violate the Minnesota Rules of Professional Conduct.**

Finally, Plaintiff's Motion asserts that Attorney Hirte violated Minnesota Professional Rules of Conduct 3.3 and 3.4. This argument is also meritless, as there is no basis to find that Attorney Hirte violated the Rules of Professional Conduct.

Rule 3.3 provides:

> A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal . . . (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (3) offer evidence that the lawyer knows to be false. . . .

Minn. R. Prof. Conduct 3.3.

Plaintiff asserts that Attorney Hirte violated Rule 3.3 by failing "to disclose to the court the significant fact of non-service on Defendant Wings Credit Union." Plf.'s Mot. for Sanctions ¶ 3.a. As already explained, Wings' Motion to Dismiss expressly argued that Wings had not been properly served. Thus, there is no basis to assert that Attorney Hirte failed to disclose that Plaintiff had not yet personally served Wings.

Rule 3.4 provides, in pertinent part:

> A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law; [or] (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists…

Minn. Rules of Prof. Conduct 3.4.

Plaintiff asserts—without explanation—that "Attorney [Hirte's] litigation tactics, aimed at harassment and based on a procedural oversight she failed to rectify, violate her

10

obligations to be fair to Plaintiff." Plf.'s Mot. for Sanctions ¶ 3.b. Plaintiff's Motion fails to provide any factual basis for this claim. As noted above, the "litigation tactics" referenced by Plaintiff consist of filing Wings' Motion to Dismiss based on viable legal arguments. Attorney Hirte has not "failed to rectify" any "procedural oversights" nor has she violated any obligations to be "fair" to Plaintiff. Plaintiff fails to identify any actual violations of Rule 3.4 that would support his Motion for Sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is meritless and must be denied.

**FOLEY & MANSFIELD, PLLP**

Dated: March 20, 2024     By: */s/ Tessa Mansfield Hirte*
Lisa M. Lamm Bachman (#264313)
Tessa Mansfield Hirte (#0396591)
Paul W. Magyar (#0399108)
250 Marquette Avenue, Suite 540
Minneapolis, MN 55401
(612) 338-8788
Email:  llammbachman@foleymansfield.com
tmansfield@foleymansfield.com
pmagyar@foleymansfield.com

Attorneys for Defendant