UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wings Credit Union; AKA Wings Financial Credit Union,<br><br>　　　　Defendant. | Case No: 0:24-cv-00434 (DWF/ECW)<br><br>**DEFENDANT'S MOTION FOR SANCTIONS** |

　　　　Defendant Wings Financial Credit Union ("Wings") hereby moves the Court, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, for an order imposing sanctions against Plaintiff Preston Byron Knapp ("Plaintiff") as a result of presenting Plaintiff's Complaint (ECF No. 1) for an improper purpose—namely, to harass, cause delay, and needlessly increase the litigation costs of Wings. Plaintiff has commenced a lawsuit in which he asserts claims that fail to state a cognizable claim for relief, based on theories that have been resoundingly rejected by federal courts and have resulted in other litigants being sanctioned under Rule 11.

## RULE 11 STANDARDS

Rule 11, FRCP provides, in part, as follows:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1.　　it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides for the imposition of sanctions in the event there is a violation of Rule 11(b).

Plaintiff's Complaint violates Rule 11(b) and sanctions are appropriate here because, on its face, Plaintiff's Complaint does not assert any cognizable claim for relief supported by facts or law. In addition to basing his Complaint upon theories that have been resoundingly rejected, Plaintiff's claims all fail as a matter of law. Plaintiff's breach of contract claim does not identify a contract or a breach. Further, the claim is premised on a legal theory that has no legal or factual support—that Wings can exchange certain documents signed by Plaintiff for Federal Reserve notes pursuant to 12 U.S.C. § 412—even though Section 412 only applies to Federal Reserve banks. Plaintiff's breach of fiduciary duty claim ignores that Wings does not owe Plaintiff fiduciary duties and fails to allege actions by Wings that would constitute a breach of fiduciary duties if such duties existed. Plaintiff also asserts claims against Wings pursuant to 12 U.S.C. § 504, despite the fact Wings is not and cannot subject to Section 504 because it is a credit union, not a "member bank." Plaintiff asserts claims under Title 18 without a private right of action, and asserts that he has been subject to peonage, slavery, involuntary servitude, or forced

labor because Wings expects him to make actual payments on his loans. Plaintiff has plainly failed to conduct a reasonable inquiry into the merits of their case before commencing this action.

For these reasons, Wings seeks an order from this Court: (1) imposing monetary sanctions against Plaintiff sufficient to deter future misconduct; and (2) directing payment by Plaintiff of Wings reasonable attorneys' fees, costs, disbursements, and other expenses incurred for defending against Plaintiff's frivolous complaint and having to bring this motion.

In accordance with Fed. R. Civ. P. 11(c)(2), a copy of this Motion and Safe Harbor notice were served on Plaintiff at least 21 days prior to the filing of this Motion. Plaintiff has failed to withdraw the challenged pleading. Should the Court conclude that Plaintiff's complaint violates Fed. R. Civ. P. 11(b), Wings is prepared to submit further declarations detailing the amount and nature of the fees and costs sought and provide documentary support for the same.

**FOLEY & MANSFIELD, PLLP**

Dated: March 8, 2024     By:  *s/ Tessa Mansfield Hirte*
Lisa M. Lamm Bachman (#264313)
Tessa Mansfield Hirte (#0396591)
Paul W. Magyar (#0399108)
250 Marquette Avenue, Suite 540
Minneapolis, MN 55401
(612) 338-8788
Email: llammbachman@foleymansfield.com
tmansfield@foleymansfield.com
pmagyar@foleymansfield.com

Attorneys for Defendant