# FOLEY MANSFIELD

Chicago | Denver | Detroit | Edwardsville | Kansas City | Los Angeles | Miami
**Minneapolis** | New Orleans | New York | St. Louis | Tampa Bay | Walnut Creek

March 8, 2024

**Tessa Mansfield Hirte**
Direct Dial: (612) 216-0373
*tmansfield@foleymansfield.com*

*Via U.S. Mail and Email*

Preston Byron Knapp
2624 North Saunders Lake Drive
Minnetrista, Minnesota 55364
pknapp5@gmail.com

Re:   Rule 11 Safe Harbor Letter
      *Knapp v. Wings Credit Union*
      Court File No.: 24-CV-00434-DWF-ECW
      Our File No.: 15483-33

Dear Mr. Knapp:

I represent Wings Financial Credit Union ("Wings") in the above-referenced matter. Please allow this letter to serve as notice under Rule 11 of the Federal Rules of Civil Procedure, providing 21 days of "Safe Harbor" to withdraw your improper claims for the reasons specifically described herein. Rule 11 provides, in part, as follows:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1. it is being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> 2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b).

Rule 11(c) provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Failure to dismiss your action with prejudice during the Safe Harbor period may result in the Court imposing sanctions against you sufficient to deter future misconduct and ordering you to pay for all or part of my client's reasonable attorney fees and costs incurred resulting from your violations.

**FOLEY MANSFIELD**

March 8, 2024
Page 2

### I. Violations of Fed. R. Civ. P. 11(b)

Your complaint violates Rule 11(b). In presenting your complaint, you have an obligation to ensure: (1) it is not presented for an improper purpose; (2) the claims and legal contentions are supported by either existing law or a nonfrivolous argument to extend, modify, or reverse existing law, and (3) to ensure that your factual contentions have evidentiary support. You did none of those in commencing this lawsuit and clearly relied on inaccurate "advice" from someone who admittedly is not a licensed attorney.

#### A. Count I: Breach of Contract

In Count I, you assert a claim for breach of contract purportedly based upon Wings refusal to accept alleged "promissory notes" as "payment to perform on the mortgage" held by Wings. Complaint, ¶¶ 56, 60–61. This claim must be dismissed because you do not identify any specific contract which you allege was breached, nor do you identify any contractual provision that was breached. Your claim for breach of contract is subject to dismissal on this basis alone.

Assuming you intended to refer to the contracts governing Loan #2100036119 and HELOC #3205925609 with Wings, there are no provisions in either contract that require Wings to accept the alleged "promissory notes."

Pursuant to the Note you signed on March 19, 2021, for Loan # 2100036119, you promised to repay the loan in the form of cash, check or money order. Specifically, you agreed to the following: "In return for a loan that I have received, I promise to pay U.S. $1,119,400.00 (this account is called 'Principal'), plus interest, to the order of the Lender. . . . I will make all payments under this Note in the form of cash, check or money order." The Note is secured by the Mortgage, which you also signed and thereby agreed to the terms contained therein. You agreed to "pay when due the principal of, and interest on, the debt evidenced by the Note . . . Payments due under the Note and this Security Instrument shall be made in U.S. currency."

Similarly, the Revolving Credit Mortgage you signed on July 16, 2021, for HELOC #3205925609, provides that: "Borrower shall promptly pay when due all amounts borrowed under the Credit Agreement, all finance charges and applicable other charges and collection costs as provided in Credit Agreement." Similarly, the Credit Agreement provides that: "You promise to repay to the Credit Union, or order, all advances made to you under this Plan, plus finance charges, other applicable charges, and costs of voluntary payment protection for which you are responsible for under this Plan. You agree to pay the minimum payment on or before the due date."

Under both loans, your obligation is to pay the amounts due when due—your promise to pay in the form of the alleged "promissory notes" does not constitute payment, as Wings already obtained your promise to pay when you signed the above-mentioned documents.

Your Complaint also alleges that the documents you sent Wings in January of this year constitute

**EXHIBIT B**

**FOLEY MANSFIELD**

March 8, 2024
Page 3

an "unconditional tender of payment in accordance with UCC 3-603," "a payment for US dollars," and "an unconditional order to pay." Complaint, ¶¶ 47, 49–50. Such allegations are non-sensical. As already explained, a promise to pay does not constitute performance under the agreements you signed with Wings—Wings must in fact be paid the amounts due in valid legal currency. Nothing in the documents you sent to Wings in January of this year constitute payment.

The theory underlying your claim appears to be that Wings can exchange certain documents signed by you for Federal Reserve notes pursuant to 12 U.S.C. § 412. However, Section 412 requires that an application for Federal Reserve Notes be made by a "Federal Reserve bank." Clearly, Wings is not a "Federal Reserve bank," and thus Section 412 is inapplicable to it. *See, e.g.*, 12 U.S.C. § 225 (requiring federal reserve banks to "include in its title the name of the city in which it is situated, as 'Federal Reserve Bank of Chicago'"). Federal courts have rejected similar claims on numerous occasions. *See, e.g., Hennis v. Trustmark Bank*, 2010 U.S. Dist. LEXIS 45759, *16 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

In fact, the theories underlying your allegations and related theories have been widely and universally rejected by courts for decades. *See McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (rejecting plaintiff's claims under the "Redemptionist" theory, the "vapor money" theory; and the "unlawful money" theory, and noting "all three of these theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years"); *see also Rabbe v. Wells Fargo Home Mortg., Inc.*, No. 8:17-CV-131, 2017 U.S. Dist. LEXIS 88910, at *4 (D. Neb. June 9, 2017) (noting, "The plaintiffs' particular permutation is commonly referred to as a 'vapor money' or an 'unlawful money' claim, and has been uniformly rejected by every court to consider it" and collecting cases that collect cases).

Importantly, pro se parties—such as yourselves—have been sanctioned under Rule 11 for advancing related theories. *See Thiel v. First Fed. Sav. & Loan Asso.*, 646 F. Supp. 592, 598 (N.D. Ind. 1986) (ordering pro se plaintiffs to pay $3,600, plus defendant's attorney's fees and costs, as sanction for frivolous lawsuit); *see also* Fed. R. Civ. P. 11, Advisory Committee cmt, 1983 Amend. ("The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation." (citation omitted)).

Your claim for breach of contract is frivolous, unsupported by the law, and was brought solely to harass my client. You must dismiss Count I.

### B. Count II: Breach of Fiduciary Duties

Count II asserts a claim for breach of fiduciary duty. You specifically allege that Wings "has a fiduciary duty to [your] financial success," "is paid to ensure the law is correctly applied in respect

March 8, 2024
Page 4

to" you, and that Wings never mentioned to you "the benefits of special indorsements," claiming that "[t]his breach of fiduciary duty has caused years of anxiety over the extraneous paying of bills that is entirely unnecessary." Complaint, ¶¶ 69–70, 78, 80. This claim is meritless.

First, Wings does not owe you fiduciary duties. *See Roers v. Countrywide Home Loans, Inc.*, 728 F.3d 832, 838 (8th Cir. 2013) ("The general rule in Minnesota is that lenders bear no fiduciary duty to borrowers." (quotation omitted)); *Impulse Trading v. Norwest Bank Minn., N.A.*, 870 F. Supp. 954, 961 (D. Minn. 1994). Your relationship with Wings is contractual, not fiduciary.

Moreover, your "orders" to Wings were non-sensical and impossible. Thus, even if Wings did owe you fiduciary duties—which it did not—it fulfilled those duties by refusing to follow Williams' instructions.

Your claim for breach of fiduciary duty is not warranted under the law and must be dismissed.

### C. Count III: 12 U.S.C. § 504 (Civil Money Penalty – Federal Reserve Act)

Count III asserts a claim for a civil money penalty pursuant to 12 U.S.C. § 504. Section 504 provides civil penalties for any "member bank" which violates certain sections of the Federal Reserve Act, and—if certain other conditions are met—for engaging in unsafe or unsound practices or breaching a fiduciary duty. This statute is inapplicable for multiple reasons.

Key here, Wings is not a "member bank." A "member bank" is "any national bank, State bank, or bank or trust company which has become a member of one of the Federal reserve banks." 12 U.S.C. § 221. Wings is a state-chartered credit union organized pursuant to Chapter 52 of Minnesota Statutes, not a bank or trust company, and thus it cannot be "a member of one of the Federal reserve banks." *See id.* Wings is therefore not governed by Section 504.

Moreover, none of your allegations support a violation of the Federal Reserve Act or that Wings engaged in unsafe or unsound practices. As explained above, Wings does not owe you fiduciary duties and its actions would not constitute a breach of fiduciary duties. And the Federal Reserve Act—including 12 U.S.C. § 504—does not provide a right of action to private citizens. *See Ritchie v. Lisa Chan*, 2024 U.S. Dist. LEXIS 12159, *5 (S. D. Cal. Jan. 23, 2024) ("The Federal Reserve Act is 'entirely unrelated to consumer finance and does not provide any rights to a private citizen.'" (quoting *Brown,* 2023 U.S. Dist. LEXIS 215814 at *5-6).); *White v. Lake Union Ga. Partners LLC*, 2023 U.S. Dist. LEXIS 184024, *5 (N. D. Ga. Jul. 14, 2023) ("Courts have therefore rejected attempts by private individuals to bring claims under [12 U.S.C. § 504].").

Your claim for a civil money penalty pursuant to 12 U.S.C. § 504 is meritless and must be dismissed.

March 8, 2024
Page 5

    **D. Counts IV, V, VI,: 18 U.S.C. § 1956 (Laundering of Monetary Instruments), 18 U.S.C. § 2314 (Transportation of Stolen Securities), 18 U.S.C. § 1348 (Securities and Commodities Fraud)**

Counts IV, V, and VI all refer to criminal statutes. As a private citizen, you do not have standing to enforce federal criminal statutes. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1062 (D. Minn. 2009) ("A private citizen does not have standing either to enforce federal criminal statutes or to have such statutes enforced."). Only the United States Attorney has power to prosecute under these laws. *See* 28 U.S.C. § 547 ("Except as otherwise provided by law, each United States attorney, within his district, shall…prosecute for all offenses against the United States.").

Counts IV, V, and VI of your complaint are unsupported by the law and were brought solely to harass my client. You must dismiss or withdraw Counts IV, V, and VI.

    **E. Counts VII, VIII, IX, X, and XI: 18 U.S.C. § 1581 (Peonage), 18 U.S.C. § 1583 (Enticement into Slavery); 18 U.S.C. § 1584 (Sale into Involuntary Servitude); 18 U.S.C. § 1589 (Forced Labor); 18 U.S.C. § 1593A (Benefitting Financially from Peonage, Slavery, and Trafficking in Persons)**

Counts VII, VIII, IX, X, and XI assert claims that have no basis in law or fact. For example, "Peonage is 'compulsory service in payment of a debt'" and "'compulsory service' is the equivalent of 'involuntary servitude', which the Supreme Court has defined as 'a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process.'" *United States v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009). 18 U.S.C. § 1583 (Enticement into Slavery) and 18 U.S.C. § 1584 (Sale into Involuntary Servitude) address very similar conditions. *See United States v. Mussry*, 726 F.2d 1448, 1452 (9th Cir. 1984) (noting that "[t]he essence of a holding in involuntary servitude is the exercise of control by one individual over another so that the latter is coerced into laboring for the former"); *see also Saraswat v. Bus. Integra, Inc.*, No. 15-CV-4680 (PKC) (LB), 2019 U.S. Dist. LEXIS 70054, at *17 (E.D.N.Y. Apr. 25, 2019) (explaining civil liability for forced labor).

Your allegations assert these statutes apply because you have to work to pay back the loans you obtained from Wings and feared losing your home if you failed to make payments on those loans. *See* Compl, ¶¶ 103, 108–09, 112, 119, 122, 125, 130. Such allegations are wholly inadequate to state claims under any of the alleged statutes. *See Mussry*, 726 F.2d at 1453 ("We recognize that economic necessity may force persons to accept jobs that they would prefer not to perform or to work for wages they would prefer not to work for. Such persons may feel coerced into laboring at those jobs. That coercion, however, results from societal conditions and not from the employer's conduct. Only improper or wrongful conduct on the part of an employer subjects him to prosecution."). The assertion that you suffer under peonage, slavery, involuntary servitude, or forced labor because Wings expects you to make actual payments on your loans as scheduled is utterly absurd and bears no relationship to the elements of the relied upon statutes or the facts

**FOLEY MANSFIELD**

March 8, 2024
Page 6

alleged.

Counts VII, VIII, IX, X, and XI of your Complaint are unsupported by either law or fact and were brought solely to harass my client. You must also withdraw Counts VII, VIII, IX, X, and XI of your Complaint.

## II.  Conclusion

Each and every claim asserted in your Complaint is frivolous and must be dismissed. If you fail to dismiss all of your claims with prejudice within 21 days of this letter, we will move for sanctions and ask the Court to impose a sanction sufficient to deter your future misconduct, including seeking an award of my client's reasonable attorney fees and costs in having to defend this frivolous action.

Sincerely,

*/s/ Tessa Mansfield Hirte*

Tessa Mansfield Hirte

TAM:tab

EXHIBIT B