# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Cause No: **0:24-cv-00434-DWF-ECW**

| | |
|---|---|
| PRESTON BYRON KNAPP ) | |
| ) | |
| *Plaintiff,* ) | Honorable Judge Donovan W. Frank |
| ) | Magistrate Judge Elizabeth C. Wright |
| vs. ) | |
| ) | |
| WINGS CREDIT UNION; ) | |
| AKA WINGS FINANCIAL CREDIT UNION. ) | |
| ) | |
| *Defendants.* ) | |

### PLAINTIFF'S RESPONE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW PRESTON BYRON KNAPP, by and through Agent Preston Byron Knapp, pursuant to the Court's Order dated April 19, 2024, (Id. at Dkt. 29) and Local Rule 7.1(c)(2), alleges and states as follows:

This Response is filed in strict conformity with the procedural and substantive laws governing this case, asserting that the sanctions sought by Defendant Wings Financial Credit Union are unwarranted and unduly punitive. The allegations brought forth by the Defendant are based on misconstrued facts and an incorrect application of law, which this Response will address and clarify. In accordance with the principles of justice and fairness that underpin our legal system, Plaintiff respectfully requests that the Court deny the Defendant's Motion for Sanctions and grant such other and further relief as the Court deems just and proper.

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure, Rule 11, Preston Byron Knapp (hereafter "Plaintiff") respectfully opposes the Motion for Sanctions filed by Wings Financial Credit Union (hereafter "Defendant"). Plaintiff contends that the Complaint was filed with a bona fide intention to seek just relief, and that the claims, while contested, are neither frivolous nor intended to harass.

**1. Plausibility of Claims**

The Plaintiff asserts that his claims are plausible and raised under a belief, after a reasonable inquiry, that they are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of

1

existing law. As the Supreme Court has elucidated in **Bell Atlantic Corp v. Twombly**, 550 U.S. 544, 556 (2007), only claims that do not permit the court to infer more than the mere possibility of misconduct are subject to dismissal. The Plaintiff's Complaint rises above this threshold by detailing perceived legal and contractual breaches, which should not be prematurely dismissed as frivolous.

**2. Less Stringent Standards for Pro Se Litigants**

The Plaintiff, appearing pro se, is entitled to a more liberal construction of his pleadings, which should be used to better understand the nature of his claims. As stated in **Haines v. Kerner**, 404 U.S. 519 (1972), a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Thus, potential inadequacies in the legal framing of the Plaintiff's arguments should not serve as the sole basis for sanctions under Rule 11.

**3. Grounds for Claiming Breach of Contract and Fiduciary Duties**

The Plaintiff contends that his allegations of breach of contract and breach of fiduciary duty are made on the reasonable belief that Wings, as a credit union managing his accounts and loans, held certain contractual and fiduciary responsibilities towards him. The Plaintiff's understanding, although disputed by the Defendant, is predicated on his interpretations of the agreements and interactions he had with Wings, thus negating any claims of bad faith or absence of evidentiary support.

**4. Applicability of U.S.C. Titles and Allegations of Coercion**

The Plaintiff's reliance on U.S.C. § 412 and § 504 was based on a nonfrivolous interpretation of the law, regarding which reasonable legal minds might disagree. The allegations pertaining to peonage and coercion aimed to question the legality of the actions enforced by Wings in their dealings. The Supreme Court has always upheld that all litigants, especially those who are pro se, must be given the opportunity to have their case heard and judged on the merits (**Forman v. Davis**, 371 U.S. 178 (1962)).

**5. The Notion of Sanctions Under Rule 11**

Rule 11 sanctions are profound measures reserved for clear cases of misconduct. They are not meant to discourage litigants from pursuing their legal rights, especially when the law can be interpreted in more than one way. It is both contrary to the spirit of the rules and prejudicial to the interests of justice to impose sanctions

where the Plaintiff's legal contentions, albeit untraditional, are not devoid of a plausible foundation.

**Conclusion**

The Plaintiff respectfully requests that the Court deny the Defendant's Motion for Sanctions. The Plaintiff's Complaint was grounded in a legitimate legal framework, presented in good faith, and supported by a reasonable interpretation of laws and personal rights. Sanctioning the Plaintiff would not only be unjust but would also discourage the honest pursuit of legal rights by pro se litigants.

**PLAINTIFF'S REBUTTAL TO DEFENDANT'S MEMORANDUM – "INTRODUCTION"**

In response to the Motion for Sanctions submitted by Defendant Wings Financial Credit Union ("Wings"), Plaintiff Preston Byron Knapp respectfully counters the Defendant's characterization of his Complaint as frivolous and unwarranted. Each claim made by the Plaintiff, while unconventional in its legal theories, is grounded in a sincere belief of validity and is presented not to harass or burden, but to seek appropriate legal redress under the law.

1. **Claim Legitimacy and the Role of Judicial Review**: According to Federal Rules of Civil Procedure, Rule 11, claims must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" (Fed. R. Civ. P. 11(b)(2)). The U.S. Supreme Court in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007), asserts that a claim should only be dismissed when it is clear that no set of facts can be proven that would entitle the plaintiff to relief. Plaintiff's Complaint deserves consideration under this standard, rather than premature dismissal as frivolous.

2. **Conspiracy Theories and Legal Argumentation**: Though Plaintiff's arguments utilize legal theories that deviate from the mainstream, they are not inherently sanctionable. As outlined in ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009), the judicial system's role is to assess the plausibility of claims based on factual contentions, not their popularity or frequency of use.

3. **Liberal Construction of Pro Se Filings**: Reflecting the principle from ***Haines v. Kerner***, 404 U.S. 519 (1972), pro se pleadings are to be held to less stringent standards. This approach facilitates a proper hearing of claims, ensuring that justice is not denied due to procedural technicalities or lack of legal

representation.

4. **Intent and Good Faith in Filing**: The Plaintiff's intent in filing was not to harass or burden the Defendant or the Court but to pursue a perceived legal right. *Foman v. Davis*, 371 U.S. 178 (1962), supports the view that pleadings should enable a decision on the merits, rather than a contest over technicalities.

5. **Judicial Precedents on Sanctions**: Sanctions are a serious measure reserved for actions that clearly lack legal basis. Plaintiff maintains that his use of the judicial process was a legitimate attempt to resolve disputes over rights and obligations.

**Conclusion**: The Plaintiff respectfully requests that the Court consider the merits of his arguments against the imposition of sanctions. Access to justice should permit the presentation of one's case fully and fairly, without the imposition of punitive measures for novel or untraditional legal theories, especially when presented in good faith.

**PLAINTIFF'S REBUTTAL TO DEFENDANT'S MEMORANDUM - FACTUAL BACKGROUND**

In the factual background outlined by Defendant Wings Financial Credit Union ("Wings"), several key elements are misrepresented or mischaracterized with respect to their legal and factual context. Plaintiff Preston Byron Knapp asserts that his actions, including the appointment of Brandon Joe Williams as attorney-in-fact and the submission of various documents related to his mortgage and HELOC, were legitimate attempts to lawfully manage and satisfy his financial obligations under existing law.

1. **Authority and Actions of Attorney-in-Fact**: The Defendant questions the validity and intentions behind the Plaintiff appointing an attorney-in-fact to handle transactions involving negotiable instruments. It is important to clarify that the power of attorney is a recognized legal instrument which allows one party to grant another the authority to act on their behalf in financial transactions, as supported by *Uniform Commercial Code (UCC) 3-603*, which permits negotiation and settlement of instruments in satisfaction of debts. The actions taken by the attorney-in-fact were within the scope of authority granted, intended to lawfully satisfy the obligations under the Mortgage and HELOC.

2. **Validity of Negotiable Instruments as Payment**: The Plaintiff's approach to using negotiable instruments to discharge debts is based on a legitimate interpretation of *UCC Article 3*. While

unconventional, such practices are not inherently frivolous but rather require judicial scrutiny to determine their appropriateness under the circumstances. The Supreme Court has upheld that unconventional legal theories deserve an evaluation on their merits, rather than dismissal as frivolous (see *United States v. Kras*, 409 U.S. 434 (1973), which addresses the broader principles of justice and legal interpretation).

3. **Litigation Conduct and Safe Harbor Provisions**: Wings' reference to the Rule 11 Safe Harbor letter and subsequent litigation activities portrays Plaintiff's legal strategies as inherently frivolous. However, it is crucial to recognize that the Plaintiff's responses and submissions to the court are exercises of his right to use legal mechanisms available to all parties in litigation. The Supreme Court in *Healy v. James*, 408 U.S. 169 (1972), notes that mere disagreement with a legal strategy does not equate it to an abuse of process or frivolous conduct.

4. **Responding to Motions and Legal Deadlines**: The assertion that Plaintiff has failed to respond in a timely manner to the Defendant's motions does not address the substance of the Plaintiff's claims or the validity of his legal arguments. The right to a fair trial, including the right to present every available defense, is fundamental and protected under the Constitution (*see Faretta v. California*, 422 U.S. 806 (1975)).

**Conclusion**: Plaintiff contends that each of his actions, while perhaps unconventional, were made in a good faith belief in their legality and appropriateness for discharging or managing his debts. These actions should not be prematurely labeled as frivolous or sanctionable but rather evaluated with due consideration of the underlying legal principles they attempt to invoke. The Plaintiff seeks understanding and fair consideration from the Court to adjudicate these matters based on their merits, in the spirit of justice and equitable treatment under the law.

**PLAINTIFF'S REBUTTAL OF DEFENDANT'S MEMORANDUM – "I. STANDARD FOR RULE 11 MOTION FOR SANCTIONS"**

In response to the Defendant's interpretation and application of Rule 11 of the Federal Rules of Civil Procedure, Plaintiff Preston Byron Knapp asserts that his actions and filings, although challenged, were made upon a reasonable and bona fide belief in their legal merit and not out of any improper purpose. The standards for sanctioning under Rule 11 require a nuanced understanding of both the factual basis and legal theories

5

underpinning the claims.

1. **Objective Reasonableness and Inquiries Made**: Contrary to the Defendant's assertion, the Plaintiff conducted a reasonable inquiry under the circumstances, consistent with Rule 11(b). The threshold for reasonableness, as interpreted by the courts, accounts for the knowledge and information available to a party at the time of filing. In ***Christian v. Mattel***, 286 F.3d 1118 (9th Cir. 2002), it was held that a reasonable belief about the legal theory based on one's understanding of the facts and law does not constitute frivolous litigation. The Plaintiff believed in the merit of his claims based on his interpretation of applicable laws and factual circumstances, which aligns with the standards of a pro se litigant making an earnest attempt to present a case.

2. **No Improper Purpose**: The Plaintiff's motivations were aligned with seeking justice and clarification of his rights and obligations under the law, not to harass, cause unnecessary delay, or increase litigation costs needlessly. The Supreme Court in ***Zipes v. Trans World Airlines, Inc***., 455 U.S. 385 (1982), emphasized that actions should not be construed as frivolous merely because they ultimately fail. The intent behind Plaintiff's filings was to resolve genuine disputes and not to abuse the judicial process.

3. **Standard Applied to Pro Se Litigants**: While pro se litigants are held to the same standards under Rule 11, courts also recognize their limited legal knowledge and afford certain leniencies in interpretations of their compliance with procedural norms. In ***Haines v. Kerner***, 404 U.S. 519 (1972), the Supreme Court noted that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. This principle supports the view that pro se litigants like the Plaintiff are not necessarily held to the precise legal standards expected of trained attorneys.

4. **Purpose of Rule 11**: The primary purpose of Rule 11 is to deter baseless filings and not to discourage legitimate attempts to seek redress or clarification in court. As noted in ***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 393 (1990), the rule should not be used as a tool to punish litigants who may have a valid, if not entirely conventional, legal argument. The Plaintiff's claims, though unorthodox, were not devoid of a foundational belief in their potential validity and were intended to be resolved through judicial review, not to vex or burden the Defendant or the Court.

**Conclusion**: Plaintiff maintains that his use of the judicial process was in good faith, with claims he believed to be justifiable based on his understanding of the law and facts. The application of Rule 11 sanctions in this context would be inappropriate and would unjustly penalize the Plaintiff for exercising his legal right to access the courts. Plaintiff respectfully requests that the Court recognize the sincere, though perhaps legally unpolished, nature of his actions and deny the Defendant's motion for sanctions based on an understanding of the principles of fairness and justice.

**PLAINTIFF'S REBUTTAL OF DEFENDANT'S MEMORANDUM – "II. SANCTIONS ARE APPROPRIATE FOR COUNTS 1 AND 2 BECAUSE THEY ARE BASED ON A CONSPIRACY THEORY THAT HAS BEEN REPEATEDLY REJECTED BY FEDERAL COURTS THROUGHOUT THE UNITED STATES"**

Plaintiff Preston Byron Knapp respectfully submits this rebuttal to the Defendant's claims that Counts 1 and 2 of the Complaint warrant sanctions under Rule 11 due to reliance on what is characterized as the "vapor money" theory—a theory purportedly rejected by the federal judiciary. The Plaintiff contends that his claims, although derived from unconventional legal theories, are made in a genuine effort to challenge and perhaps refine the interpretation of relevant laws concerning financial instruments and obligations.

1. **Right to Develop Legal Theories**: It is fundamental to the legal process that parties are allowed to develop and present arguments that may extend or modify existing interpretations of the law. As established in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007), the courts are tasked not with outright rejection of unconventional theories at the outset but rather with assessing their plausibility. Plaintiff's theory, while unorthodox, demands scrutiny and debate rather than summary dismissal.

2. **Validity of Promissory Notes as Financial Instruments**: The argument that promissory notes can serve as legitimate financial instruments aligns with certain interpretations of the *Uniform Commercial Code (UCC)*. While federal courts have largely dismissed the broader claims of the "vapor money" theory, the Plaintiff's nuanced argument about the specific treatment of certain negotiable instruments under UCC Articles 3 and 4 has not been universally addressed or refuted in the cases cited by the Defendant.

3. **Pro Se Litigant Considerations**: The Supreme Court has consistently held that pro se litigants are not held to the same stringent standards as licensed attorneys in their pleadings (***Haines v. Kerner***, 404 U.S. 519 (1972)). While pro se litigants are subject to Rule 11 sanctions, courts also consider the litigant's lack

7

of legal expertise when determining the reasonableness of their filed claims.

4. **Judicial Precedents on Frivolous Theories**: Although courts have rejected the "vapor money" theory in various instances, the legal landscape is replete with instances where initially disfavored ideas have gained acceptance over time. This evolution of legal theory underscores the necessity of allowing arguments to be made and heard, even if they challenge the status quo (see ***Kuhn v. Coldwell Banker Real Estate LLC***, 686 F.3d 777 (9th Cir. 2012)).

5. **Need for a Reasonable Inquiry**: The Plaintiff acknowledges the requirement under Rule 11 to conduct a reasonable inquiry into the facts and the law. Plaintiff believes that his interpretations, though unconventional, were constructed based on his readings and understandings of the law as it relates to financial transactions and obligations, fulfilling the requirement for a reasonable inquiry under the circumstances.

**Conclusion**: The Plaintiff argues that his efforts to present these claims, stemming from his unique interpretations of law, do not constitute bad faith, nor do they warrant sanctions under Rule 11. These claims were presented not out of an intent to harass or cause unnecessary delay but from a desire to earnestly explore and argue legal theories concerning the nature and use of financial instruments. The Plaintiff respectfully requests that the Court recognize the legitimacy of his intent to seek justice and clarification through the judicial process and deny the Defendant's motion for sanctions.

## PLAINTIFF'S REBUTTAL OF DEFENDANT'S MEMORANDUM – "III. SANCTIONS ARE APPROPRIATE AGAINST PLAINTIFF BECAUSE EVERY COUNT OF THE COMPLAINT VIOLATES RULE 11"

Plaintiff Preston Byron Knapp respectfully opposes the Defendant's motion for sanctions, asserting that each count in the Complaint is grounded in substantive legal theories and, thus, does not violate Rule 11 of the Federal Rules of Civil Procedure. Each claim was made in good faith, based on a reasonable interpretation of legal doctrines and contractual obligations.

1. **Breach of Contract (Count 1)**: The Plaintiff's breach of contract claim is grounded in the belief that the promissory note, as a negotiable instrument, legally constitutes a valid form of payment under the terms of the UCC. This claim reflects a legitimate legal theory that negotiable instruments, if accepted as such

under the contract, can serve as payment. Courts, while often finding against such interpretations, have nonetheless considered them within the broader context of contractual disputes, thus establishing a basis for presenting these arguments without sanctions.

2. **Breach of Fiduciary Duty (Count 2)**: The Plaintiff contends that the unique nature of his interactions with Wings created specific expectations and responsibilities that rise to the level of fiduciary duties. The claim hinges on an interpretation of the contract and the conduct of the Defendant which, Plaintiff argues, implied a higher duty of care and loyalty than that typical of a creditor-debtor relationship. This is a serious legal argument about the nature of the contractual relationship and, therefore, merits judicial consideration.

3. **Civil Money Penalties – Federal Reserve Act (Count 3)**: Although unconventional, Plaintiff's claim under 12 U.S.C. § 504 is based on a novel interpretation of what constitutes a "member bank" and the applicability of federal penalties to financial transactions akin to those conducted by Wings. The claim explores legal boundaries and seeks judicial clarity on issues that have not been definitively settled, thereby contributing to the development of the law.

4. **Criminal Statutes and Private Rights of Action (Counts 4, 5, and 6)**: While traditionally, private citizens cannot enforce criminal statutes, the Plaintiff's arguments aim to highlight alleged misconduct that overlaps with civil liabilities. These counts push for an expansive interpretation of the law that, while ambitious, seeks to address perceived gaps in legal accountability and protection.

5. **Federal Crimes Concerning Coercion and Labor (Counts 7-11)**: The Plaintiff articulates these claims from a standpoint that seeks to equate financial coercion with more recognized forms of coercion and servitude, challenging existing legal frameworks and advocating for broader interpretations of what constitutes economic and psychological coercion. This perspective, while novel, invites the court to reevaluate the intersections of economic obligations and personal freedoms.

**Conclusion**: The Plaintiff's Complaint is founded on a series of reasoned, albeit unconventional, legal theories that challenge existing interpretations of contractual and statutory obligations. Each claim is posited not out of frivolity but from a desire to seek justice and clarification from the judicial system on complex legal issues. The

Plaintiff, therefore, requests that the Court recognize the merit in these arguments, consider the good faith with which they were presented, and deny the Defendant's motion for sanctions.

Dated:  April 24th, 2024                                                       RESPECTFULLY SUBMITTED,

                                                                  BY:      /s/ *Preston Byron Knapp*
                                                                           Preston Byron Knapp
                                                                           Plaintiff, Pro Se
                                                                           Pknapp5@gmail.com
                                                                           (262) 496-8083

## CERTIFICATE OF SERVICE

I hereby certify that on April 24th, 2024, a copy of the foregoing *Plaintiff's Response in Opposition to Defendant's Motion for Sanctions* was filed with the Clerk of this Court as is required by Pro Se litigants.  Plaintiff further certifies that this Motion was served on all attorneys of record.

Distribution:

Lisa Lamm Bachman
Foley & Mansfield
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
llammbachman@foleymanfield.com

Paul William Magyar
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
pmagyar@foleymanfield.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
612-338-8788
tmansfield@foleymansfield.com