# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| PRESTON BYRON KNAPP               )<br>                                                       )<br>            *Plaintiff,*                           )<br>                                                       )<br>         vs.                                         )           Cause No: 0:24-cv-00434-DWF-ECW<br>                                                       )<br>WINGS CREDIT UNION;                    )<br>AKA WINGS FINANCIAL CREDIT UNION.   )<br>                                                       )<br>            *Defendants.*                    ) | |

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FOR DAMAGES**

Plaintiff Preston Byron Knapp respectfully submits this reply to address the arguments raised by Defendant Wings Financial Credit Union ("Wings") in its Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Plaintiff's Complaint for Damages. Defendant's opposition misconstrues both the procedural posture and the substantive merit of the proposed amendments. Plaintiff seeks to clarify these points and demonstrate the necessity and validity of the proposed amendments.

## I. General Rebuttals of Defendant's Responses

**General Rebuttal #1: Clarity of Parties**

At the heading of this document, the plaintiff is PRESTON BYRON KNAPP, not Preston Byron Knapp. It's important to always make sure that the aspects of the parties are crystal clear. There was a trade name, which is a person by definition, made for Preston Byron Knapp and he is quite happy with that system. He wants to use that system to its fullest potential and is quite thankful to have access to such a wonderful system.

1

**General Rebuttal #2: Addressing the Claim of Futility**

On page 1, the Defendant argues that the motion is "futile." In the *KNAPP v Compass* case, it was found that there is "no private right of action" for Title 18 (USC) claims. This needs to be corrected in this case in order for the claims to be properly heard. The proposed amendments aim to align the claims with applicable laws and rectify any previous errors related to the cited statutes. This ensures that the legal basis for the Plaintiff's claims is sound and within the jurisdictional scope of the court.

**General Rebuttal #3: Material Changes in the Complaint**

On page 1 and moving into more pages, there is an expression that not many things have changed in the overall complaint. This is correct. The overall aspects and definitions of the complaint are very similar. The main change, and it is actually quite a material change, is the change in causes of action. I want to be heard and I want justice for the current situation, and I have decided to swap out all Title 18 claims in order to be properly heard. As an ignorant pro se litigator, I am trying my best to navigate the complexities of the process and would like to have that respected by the court. If I did not care or was taking the court for granted, I would not be making this adjustment.

**General Rebuttal #4: Original Negotiable Instrument**

On page 2, there is some language regarding the original negotiable instrument (unconditional promise to pay). This entire agreement was INSTANTLY performed upon once the original instrument was released with a blank indorsement (later changed to a qualified/special indorsement). The initial performance satisfied the obligations under the instrument, and subsequent changes to the indorsement were made to ensure clarity and precision in the legal standing of the agreement. This change is material and fundamental to the Plaintiff's claims, ensuring the accurate presentation of the legal facts.

**General Rebuttal #5: Definition of U.S. Currency**

At the top of page 3, "U.S. currency" is defined as unconditional promises and orders to pay. This is in accord with UCC 3-104. Under the Uniform Commercial Code (UCC), an unconditional promise or order to pay is considered a negotiable instrument, which includes promissory notes and drafts. This definition supports the Plaintiff's interpretation and application of the terms in the context of this case and is crucial for the correct legal analysis of the claims.

**General Rebuttal #6: KNAPP v Compass Case**

At the top of page 4, it is said that the *KNAPP v Compass* case was "asserting similar claims to those asserted here." Due to the fact that that particular case was found to have "CONDITIONAL" promises and orders to pay, it would not, by definition, be even remotely similar to this case. The current case involves unconditional promises to pay, which are distinctly different in their legal standing and implications. This fundamental difference undermines the Defendant's argument and highlights the unique aspects of the present case that warrant independent consideration by the court.

**General Rebuttal #7: Unwarranted Comparison to a Dissimilar Case**

On page 4, there is more talk attempting to relate a VERY dissimilar case. This case involves unquestionable unconditional promises and orders. *KNAPP v Compass* was not in this same category. The futile attempt to compare these two cases begs the question as to why an employment attorney-at-law is attempting to navigate a negotiable instruments case. The current case is fundamentally different, and the comparison is both irrelevant and misleading. The distinctions between the two cases are critical and should be recognized by the court to ensure a fair and just adjudication.

**General Rebuttal #8: Terminology Change from "Special" to "Qualified/Special"**

Page 5 shows the change from "special" to "qualified/special." This was done from more of a purity aspect. The indorsement is both qualified as well as special, not only special. This was obvious by looking at the indorsement, but an interest by Preston Byron Knapp on behalf of PRESTON BYRON KNAPP is to continually navigate closer to the actual terminology of UCC Article 3 and its state applications that may not specifically be labeled as the "UCC." This adjustment aligns the language of the complaint with the precise legal standards and terminology, reinforcing the accuracy and integrity of the legal arguments presented.

**General Rebuttal #9: Wings as a Currency Exchange**

On page 5, speaking about WINGS being a "lender." WINGS is not a "lender," WINGS is a "currency exchange."

**General Rebuttal #10: Removal of 12 USC 504**

On page 5, speaking about 12 USC 504, this was removed because it is not a concern of the plaintiff to collect. Reports may still be written and sent but this should not have been issued as part of the complaint and this has now been learned via *KNAPP v Compass*. As a pro se litigant, I am attempting to learn and evolve as I move forward, and this activity should be looked upon favorably by the court as action proving a desire to learn and perform along the lines of what is needed to function in this most honorable court.

**General Rebuttal #11: Misunderstanding of Conspiracy Claims**

On page 5, an idea is expressed that the claims are "conspiracy based." "Conspiracy" is defined as: "an agreement between two or more people to commit an illegal act, along with an intent to achieve the agreement's goal." It sounds, possibly, as though the terminology attempted by the defense was to

use the term "conspiracy theory," which would be defined as: "a belief that some secret but influential organization is responsible for an event or phenomenon." If this is what the defense is asserting, then we would like to move this most honorable court into discovery to allow the defense to prove their claims.

**General Rebuttal #12: The Summary of Changes**

The summary of other changes seems to be accurate upon cursory inspection and should be a conversation for deeper inspection.

**General Rebuttal #13: Apology and Correction of Mistakes**

On page 7, it is understood that there was a previous order. While Preston Byron Knapp apologizes on behalf of PRESTON BYRON KNAPP, please take it under judicial notice that the agent of the plaintiff is continually attempting to achieve a deeper understanding and to perform as a very rough and uneducated pro se litigant. The Title 18 claims of the original complaint would cripple the ability for real and provable claims from being viewed and taken under consideration. In an attempt to achieve my fiduciary duties on behalf of my principal, PRESTON BYRON KNAPP, these changes absolutely and positively needed to happen. This is evidence that Preston Byron Knapp, agent of PRESTON BYRON KNAPP, is attempting to learn from all previous orders and judgments and is taking affirmative actions to behave and assist his principal based on real and actual legal decisions.

**General Rebuttal #14: Correction of the Fatal Flaws**

On page 8, it is said that this request to amend is "futile" because "none of the changes in the proposed Amended Complaint fix any of the fatal flaws." The only "fatal flaws" in the original complaint are the attempts to use Title 18 causes of action without a private right of action. For this is apologized and the agent for PRESTON BYRON KNAPP is trying to correct that mistake. I hope the

5

court can allow PRESTON BYRON KNAPP and Preston Byron Knapp to be excused from this misunderstanding, as pro se litigants. This is only the second time that the plaintiff has been in a court and this is also only the second time that myself, as the agent, has attempted to navigate this complex, yet exhilarating, body of knowledge.

**General Rebuttal #15: Justification to Amendments to Title 18 Claims**

The above points have explained how these changes "would be able to save an otherwise meritless claim." The Title 18 claims needed to be changed.

**General Rebuttal #16: Clarification on the Terminology Change: Special Indorsement to Qualified/Special Indorsement**

On page 8, regarding "Changing Special Indorsement to Qualified/Special Indorsement," it is said "convert various documents." The plaintiff is not trying to "convert" anything but is only "negotiating instruments."

**General Rebuttal #17: Definition of Bill of Exchange**

A "bill of exchange" is an unconditional order to pay.

**General Rebuttal #18: Addressing "Vapor Money Theory"**

This idea of "vapor money theory" is quite interesting on so many levels. The idea that we are talking about "money" is, in itself, quite silly. UCC 3-102 explicitly says: "(a) This Article applies to negotiable instruments. It does not apply to money" - so any idea that we are speaking about "money" is not only ridiculous but is laughable. Also, this idea of "vapor" seems to be some kind of idea that it "doesn't exist." I'm not sure. It appears to be some kind of "illustrative" idea of our promissory note

6

currency (Federal Reserve Notes). I'm not even sure what to say about that. Promissory notes, such as Federal Reserve Notes, are backed by the "full faith and credit of the United States." That may be considered "vaporous" to the defense and this court, but I simply consider it fascinating! Then the idea that UCC Article 3 is a "theory" sounds like the defense is making a mockery of our legal system. Why should someone making a mockery of our glorious system of currency be allowed to carry a BAR card?

**General Rebuttal #19: Clarification on Currency**

Sub note 2 of page 9 is written in a way that attempts to presume that Federal Reserve Notes are "paper U.S. currency," while the original promissory note is not. "U.S. dollars" or "U.S. currency" is defined as "unconditional promises or orders to pay." This would include any various promissory notes that may not be Federal Reserve Notes, in accordance with 18 USC 8 and 12 USC 412. Why any of this established law would be a "conspiracy theory" is entirely beyond both PRESTON BYRON KNAPP and Preston Byron Knapp. Also, there is absolutely no reason why UCC Article 3 (or any State-adaptations that function the same way but may not be called UCC Article 3) would be "universally rejected" by any court. This appears to be some sort of jab or attack at the desire for a court to follow the law. This assumption degrades the court and is not accepted by either PRESTON BYRON KNAPP nor Preston Byron Knapp. Any degradation of the law is a degradation of our Republic and is not acceptable. "WINGS FINANCIAL CREDIT UNION" is listed as having Federal Reserve Discount Window access since 9/26/1994. Their city is listed as APPLE VALLEY, MN. Their Federal Deposit Insurance is listed as: "NCUA." They have Window access and not even discovery is needed to prove this fact.

**General Rebuttal #20: Fiduciary versus Contractual Agreement**

On page 10, it is stated that WINGS "does not owe Plaintiff fiduciary duties." That could be assumed to be true when the plaintiff released the original promissory note with a blank indorsement but can no longer be assumed now that fraud has been announced and that blank indorsement has been replaced with a qualified and special indorsement. Now WINGS is no longer a "lender," but only a "currency exchange" because they do not own that original instrument but have only been allowed to negotiate that instrument to the Federal Reserve Discount Window with an "application for notes" to be returned to PRESTON BYRON KNAPP for disbursement. This is not "lending" the principal/plaintiff a single penny.

**General Rebuttal #21: Irrelevance of Original Note Details Due to Qualified/Special Indorsement**

On page 10 there is various aspects of the original note which are all irrelevant due to a qualified/special indorsement instantly not only discharging all performance of the note but also exempting any future necessity to perform on the note.

**General Rebuttal #22: Pleading Requirements and Fraud Allegations**

On page 14, it is said "The complaint must plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." To be clear, there was a highly valuable instrument that, had the plaintiff or Preston Byron Knapp been properly informed on how to negotiate, they would have done so with a qualified/special indorsement. This would have made WINGS only a "currency exchange" rather than a "lender." This was carefully uncommunicated, thus placing the plaintiff and Preston Byron Knapp into debt slavery, which is called peonage. This is not a light matter and is a serious concern that the plaintiff and Preston Byron Knapp are also researching criminal reporting avenues. The plaintiff would like it to be known to this most honorable court that he and his agent are working hard to comply with 18 USC 4,

but it is a large and difficult research rabbit hole. Research as to the peonage and felony aspects of this case will be handled separately, hence the removal of the Title 18 claims, but rest assured that we are attempting to navigate that and comply with 18 USC 4 as quickly and effectively as possible.

**General Rebuttal #23: Addressing Peonage**

Page 15 and 16, regarding peonage, are quite simple: the home could be taken and the credit score of PRESTON BYRON KNAPP could and would be attacked if "performance" on this fraudulent "loan" (currency exchange) was not done. Any assets or "income" (plaintiff has no "income") which may exist is entirely irrelevant and any attempt to justify slavery or peonage based on that is ridiculous and criminal.

**General Rebuttal #24: Summary of Irrelevant Pleadings**

The various irrelevant pleadings of most of pages 16-18 have been addressed above.

**General Rebuttal #25: Use of "Conspiracy"**

The usage of the word "conspiracy," multiple times, on page 12 appears to be a direct attack on our system of currency and is unappreciated by both the plaintiff and Preston Byron Knapp.

**General Rebuttal #26: Misapplication of KNAPP v Compass**

On page 13, again this case is related to *KNAPP v Compass*. This is another excellent example as to why you don't send an employment attorney-at-law to handle what a securities attorney-at-law should be addressing. The difference between *unconditional* versus *conditional* is enormous.

**General Rebuttal #27: Call for Discovery**

If the defense is so sure that they have a superior knowledge of the subjects of negotiable instruments and negotiation over the plaintiff and Preston Byron Knapp, then moving the case into discovery shouldn't be a problem as it will allow the defense to smear the plaintiff and Preston Byron Knapp all over the pavement, metaphorically speaking, and will allow for additional billable hours as well as even the possibility of sanctions. The plaintiff and Preston Byron Knapp are more than willing to move forward with full knowledge of the negative and punitive aspects of what could happen if the case is proven to be on false merits.

**General Rebuttal #28: Addressing Unjust Enrichment**

Near the bottom of page 18, speaking about unjust enrichment, again we see this word "money," which has absolutely no relevance with these proceedings. We are not talking about money, we are talking about negotiable instruments. And, just to be clear on the previous "Money Had and Received" claim, it can be changed to "Money (Currency) Had and Received." Because we are not talking about money. There was a valuable promissory note that was not available for use and was unknowingly "donated" to WINGS via coercion. This does not need further explanation to justify a claim of "unjust enrichment."

**II. Rebuttals to Specific Points Raised by Defendant**

1. **Procedural Compliance with Court Order**

    Defendant argues that Plaintiff's Motion violates this Court's April 19, 2024 Order, which instructed the parties to refrain from filing additional motions. However, Plaintiff's motion was necessitated by new evidence and developments in the case and was filed to ensure a complete and just adjudication of all claims. Plaintiff respectfully requests the Court to consider the merit

of the amendments rather than penalize the Plaintiff for striving for a comprehensive resolution of the issues at hand.

2. **Substantive Merit of the Amendments**

   **a. Changes to Terminology (Qualified/Special Indorsement)**

   Defendant dismisses the proposed changes as futile, yet these changes are necessary to accurately reflect the legal theories and factual circumstances of the case. The terminology clarifies Plaintiff's position and aligns the Complaint with relevant legal standards.

   **b. Incorporation Paragraphs**

   Defendant's claim that the revised incorporation paragraphs have no legal relevance is unfounded. These changes are designed to streamline the presentation of the allegations, ensuring clarity and coherence in the Complaint.

   **c. Breach of Fiduciary Duty**

   Defendant's assertion that Wings does not owe a fiduciary duty to Plaintiff is incorrect. The proposed amendment clarifies the nature of the fiduciary relationship and the breach thereof, which is a critical aspect of the case.

   **d. Dropping Count 3 (12 U.S.C. § 504)**

   The removal of this count and its replacement with more precisely defined claims is intended to strengthen the legal foundation of the Complaint. This strategic refinement underscores Plaintiff's commitment to presenting a robust and legally sound argument.

**Conclusion**

In conclusion, the Defendant has not successfully demonstrated how granting the Plaintiff's motion for leave to amend the complaint would cause them any prejudice. The amendments are necessary to ensure that the claims are aligned with applicable laws and accurately presented for the Court's consideration. The Eighth Circuit supports the liberal amendment of pleadings when justice so requires, as seen in ***Bell v. Allstate Life Ins. Co.***, 160 F.3d 452 (8th Cir. 1998), and ***Williams v. Little Rock Municipal Water Works***, 21 F.3d 218 (8th Cir. 1994). These amendments are made in good faith to correct previous errors and ensure the proper adjudication of the Plaintiff's claims.

THEREFORE, Plaintiff respectfully prays for relief as follows:

1. That the Court grants Plaintiff's Motion for Leave to Amend the Complaint for Damages.
2. That the Court allows the amended complaint to be filed and served upon the Defendant.
3. That the Court recognizes the substantive merits of the amended claims and proceeds to discovery to allow all factual and legal issues to be fully examined and adjudicated.
4. For any further relief that this honorable Court deems just and proper.

Dated:  June 28th, 2024                                         RESPECTFULLY SUBMITTED,

                                         BY:     /s/ *Preston Byron Knapp*
                                                  Preston Byron Knapp
                                                  Plaintiff, Pro Se
                                                  Pknapp5@gmail.com
                                                  (262) 496-8083

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28th, 2024, a copy of the foregoing *Plaintiff's Reply to Defendant's Response* was filed with the Clerk of this Court as is required by Pro Se

12

litigants.  Plaintiff further certifies that this Motion was served on all attorneys of record by ECF.

Distribution:

Lisa Lamm Bachman
Foley & Mansfield
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
llammbachman@foleymanfield.com

Paul William Magyar
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
pmagyar@foleymanfield.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
612-338-8788
tmansfield@foleymansfield.com